UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

FRANCISCO J. JAYME and
ALICIA ROJAS,

    Debtors.

JOE JESS MONGE and
ROSANA ELENA MONGE,

    Plaintiffs,

v.

FRANCISCO J. JAYME and
ALICIA ROJAS,

    Defendants.

Case No. 15-10504-tl7

Adv. No. 15-1079-t

## OPINION

Before the Court is Defendants' motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim. The Court concludes is has jurisdiction over the complaint, in which Plaintiffs object to discharge and dischargeability under 11 U.S.C. §§ 523 and 727,[1] and that the complaint sufficiently states those claims. The motion therefore will be denied.

### I.     FACTUAL ALLEGATIONS

The Court treats the following allegations as true for the limited purpose of ruling on the motion:

    Defendant Alicia Rojas is a mortgage broker. Her husband, defendant Francisco Jayme, is a real estate agent. In 2005 or 2006, Plaintiffs contacted Defendants to obtain a construction loan. The parties got to know each other and entered into a joint venture to purchase and develop the

---

[1] Unless otherwise noted, all statutory references are to 11 U.S.C.

-1-

Country Cove Subdivision in Sunland Park, New Mexico. Rojas represented the subdivision would cost $300,000, and that she owned a property with $300,000 in equity located at 105 Thoroughbred Court in Santa Teresa, New Mexico (the "House"). On or about February 3, 2006, Defendants convinced Plaintiffs to purchase Rojas' House for $775,000 so that Defendants could invest the $300,000 equity in the subdivision project. Plaintiffs obtained a $775,000 mortgage to finance the purchase. Plaintiffs then leased the House back to Defendants, who continued to reside there. Defendants agreed to make the mortgage payments directly to Plaintiffs' lender.

Three months into the lease, and unbeknownst to Plaintiffs, Defendants stopped making the mortgage payments. About a year later, Plaintiffs' lender brought an action to foreclose the mortgage. During this process, Plaintiffs learned that Defendants had not actually owned the House at the time of the alleged sale/leaseback. Instead, the House had been conveyed to Citibank following the foreclosure of Defendants' mortgage in November 2005. In July 2006, Defendants used the proceeds of the sale to Plaintiffs to redeem the House. Defendants then secretly executed a deed purporting to convey the House to Plaintiffs on July 28, 2006, almost seven months after executing the original, fraudulent deed. Defendants knew they did not own the House when they purported to sell it to Plaintiffs. Defendants misrepresented their ownership status orally and through a fraudulent title commitment to induce Plaintiffs to purchase the House at an inflated price.

Plaintiffs allege Defendants committed other instances of fraud and/or embezzlement in connection with the sale. Defendants used the proceeds of the alleged sale for personal use, including to pay Jayme's debts. Prior to the sale, Defendants obtained a $78,000 loan from a third party without Plaintiffs' knowledge or consent to "pre-qualify" Plaintiffs for the mortgage on the House, reimbursed themselves from the sale proceeds, and then requested reimbursement again

from Plaintiffs. In March 2007 Defendants misused Plaintiffs' personal information in an attempt to refinance the House and abscond with the loan proceeds. Defendants resided in the House until January 2015.

Plaintiffs also point to various instances of fraud and wrongdoing in connection with the parties' joint ventures. In early 2006, the parties agreed to form Monroj Investments Inc. to purchase land for the County Cove Subdivision. Defendants promised that each party would have a 25% interest in the company and that Rojas would invest $300,000 in Monroj as a capital contribution. Neither of these things happened. Without Plaintiffs' knowledge or consent, Defendants filed a certificate of formation listing six directors/shareholders to dilute Plaintiffs' ownership/control of Monroj. Defendants falsified corporate resolutions and caused Monroj to incur debt and pay third parties without Plaintiffs' consent. Defendants also ceased making payments on the subdivision mortgage, and the property went into foreclosure before it was developed.

Around the same time as the parties formed Monroj, they endeavored to open a medical clinic. They formed Northeast Patriot Plaza, Inc. to purchase a plot of land for the project in January 2006. Plaintiffs spent a lot of money on the project. As with Monroj, Defendants associated with an undisclosed partner to deprive Plaintiffs' of the benefit of their investment. Instead of causing the company to purchase the land, as discussed, Rojas and her silent partner, Maynez Maldonado, purchased the land. Maldonado then executed a deed conveying the land to Rojas as her sole and separate property.

Sometime before 2014, Plaintiffs sued Defendants in the United States Bankruptcy Court for the Western District of Texas. On January 27, 2015, that court entered a judgment on in favor of Plaintiffs and against Defendants in the amount of $757,116, plus prejudgment interest.

Defendants appealed several times. The Tenth Circuit affirmed the decision on June 14, 2016.

On March 3, 2015, while the appeal was pending, Defendants filed a Chapter 7 petition in this Court. They listed Plaintiffs as general unsecured creditors with a claim of $750,000. By an order entered September 22, 2015, the Court extended the deadline for Plaintiffs to file any §§ 523 or 727 actions to November 2, 2015. Plaintiffs filed the adversary complaint on that date, asserting claims under § 523(a)(2), (a)(4), and (a)(6) and § 727(a)(2), (3), (4), (5), (6), and (7).

## II. DISCUSSION

A. <u>Rule 12(b)(1): Lack of Jurisdiction</u>. Rule[2] 12(b)(1) allows a party to raise the defense of a court's "lack of jurisdiction over the subject matter" by motion. Such motions "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject-matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). Defendants concede their motion raises a facial attack. In such cases, the Court considers the complaint's allegations to be true. *Id.* at 1180; *Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir. 1981).

Defendants' only jurisdictional challenge is that Plaintiffs lack standing. The Court disagrees. Section 523(c) explicitly authorizes "the creditor to whom such debt is owed" to bring an action under § 523(a). Section 727(c) contains a similar provision, stating "a creditor … may object to the granting of a discharge under" § 727(a). Defendants identified Plaintiffs as creditors, and the § 523(a) action pertains to the scheduled debt. Plaintiffs clearly have standing, and the Court will not dismiss the complaint under Rule 12(b)(1).

B. <u>Rule 12(b)(6): Failure to State a Claim</u>. Defendants identify three reasons why the

---

[2] Here, "Rule" means the Federal Rules of Civil Procedure and "Bankruptcy Rule" means the Federal Rules of Bankruptcy Procedure.

complaint should be dismissed under Rule 12(b)(6): the prior Texas litigation precludes Plaintiffs' claims; the claims are time barred; and the claims are not adequately plead. As discussed below, none of the theories warrants dismissal.

1. Preclusion Principles. Defendants assert Plaintiffs' claims are barred by res judicata and collateral estoppel, also known respectively as claim preclusion and issue preclusion. According to Defendants, the issues raised by the complaint were litigated in the Texas Bankruptcy Court, which concluded Defendants did not commit fraud. To determine the preclusive effect of a prior ruling, the Court must examine the pleadings in both cases to compare the parties, causes of actions, extent of the litigation, etc. *See, e.g., In re Spencer,* 541 B.R. 750, 756 (Bankr. D.N.M. 2015) (issue preclusion requires an analysis of the parties, causes of actions, and whether the issue was previously litigated and necessarily decided); *In re Crespin,* 551 B.R. 886, 889 (Bankr. D.N.M. 2016) (claim preclusion requires an analysis of the parties, causes of action, and subject matter of both suits). Aside from filing the prior court's proposed findings and conclusion as an unauthorized supplement to the motion, Defendants did not attach the relevant papers from the prior case to their motion. The Court therefore cannot determine whether Plaintiffs' claims are barred under the doctrines of issue/claim preclusion.[3]

2. Statute of Limitations. Defendants also seek dismissal because Plaintiffs' complaint was allegedly filed after the statute of limitations expired for state law fraud and tort claims. However, those limitation periods are not controlling. With respect to § 523(a) claims, the Tenth Circuit has held that once a debt is reduced to judgment, "the state statute of limitations

---

[3] The Court declines Defendants' invitation to access the dockets in the bankruptcy court, district court, and Tenth Circuit cases through PACER, take judicial notice of all the filings therein, and review the pleadings to determine if preclusion principles apply. Issue/claim preclusion theories are typically raised in a motion for summary judgment, with the relevant pleadings attached as evidence.

is immaterial. The only applicable limitations period is the … period provided by § 523(c)." *In re McKendry*, 40 F.3d 331, 334 (10th Cir.1994). Bankruptcy Rule 4007(c) states that complaints to determine dischargeability under § 523(c) (*i.e.,* any complaint asserting claims under § 523(a)) must be filed within 60 days of the first date set for the meeting of creditors. The Court can extend that deadline for cause. In this case, the debt was established by the January 27, 2015 judgment, and Plaintiffs timely filed the complaint by the extended § 523(c) deadline of November 2, 2015.

The same is true for Plaintiffs' § 727 claim. A claim seeking denial of a debtor's discharge under § 727 is unique to bankruptcy and can only be asserted after the commencement of the case. Pursuant to Bankruptcy Rule 4004(a), the 60-day deadline also applies to § 727 claims, which was extended until November 2, 2015. The Court therefore concludes that Plaintiffs' claims under §§ 523 and 727 are not time barred.

        3. <u>Sufficiency of the Allegations</u>. Finally, Defendants argue that Plaintiffs' allegations fall short of the pleading standards set forth in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). In examining a motion to dismiss, the Court must look "to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008) (citing *Twombly,* 550 U.S. at 570). The plaintiff must allege all facts necessary to support the required elements under the legal theory proposed. *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). In addition, complaints asserting claims for fraud under § 523(a) must be plead with specificity pursuant to Rule 9. *See In re Burton,* 463 B.R. 142 (10th Cir. BAP 2010).

The Court concludes Plaintiffs' allegations clearly state a claim under §§ 523(a)(2) (fraud) and (a)(4) (embezzlement, larceny, and breach of fiduciary duty). Plaintiffs allege Defendants took $775,000 in consideration for a house Defendants did not own, tried to steal their identity,

and diverted property and investment opportunities to secret business partners in an effort to make Plaintiffs fund Defendants' business ventures without obtaining any return. Plaintiffs identify various oral and written misrepresentations about the House, the businesses, and the investment opportunities. Plaintiff also assert Defendants stole or embezzled the sale proceeds (since the sale was fake) and the money Plaintiffs invested in their jointly owned companies. The alleged circumstances demonstrate an intent to deceive, that Plaintiffs' were relying on Defendants' real estate expertise, and that Plaintiffs were damaged to the extent of the judgment amount. The Court is therefore satisfied with the allegations pertaining to Plaintiffs' §§ 523(a)(2)(A) and (a)(4) claims. *See In re Young*, 91 F.3d 1367, 1373 (10th Cir. 1996) (§523(a)(2)(A) requires a knowing misrepresentation with the intent to deceive, justifiable reliable, and damages); *In re Wallace,* 840 F.2d 762, 765 (10th Cir.1988) (embezzlement consists of "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come.").

Plaintiffs' claims under §§ 523(a)(2)(B), 523(a)(6), and 727 are not as well plead. Section 523(a)(2)(B) requires a false financial statement which "purports to present a picture of the debtor's overall financial health." *In re Joelson*, 427 F.3d 700, 714 (10th Cir. 2005). Such statements are analogous to balance sheets, income statements, etc. *Id.* Plaintiffs allege that Defendants falsified documents, including title commitments, but it is unclear whether Defendants provided any statements detailing their financial health. Although the allegations paint a grim picture, it is also unclear whether, and to what extent, Defendants intentionally injured Plaintiffs' property. *See Kawaauhau v. Geiger*, 523 U.S. 57, 61–62 (1998) (discussing the elements of a § 523(a)(6) claim). With respect to § 727, Plaintiffs merely allege that they will be able to show Defendants contravened subsections (a)(2), (3), (4), (5), (6), and (7) based on Defendants' sworn

testimony at the § 341 meeting and Rule 2004 examinations. This does not meet the *Twombly* standard.

The Court is not required to dismiss a complaint because the allegations are insufficient. *See In re Moseley,* 2012 WL 5193956, *3 (Bankr. D.N.M.); *McKinney v. Irving Independent School Dist.,* 309 F.3d 308, 315 (5th Cir. 2002). Because leave to amend should be freely given when justice so requires, the Court will deny the motion to dismiss as to the §§ 523(a)(2)(B), (a)(6), and 727 claims, provided Plaintiffs amend the complaint in a manner consistent with Rules 8 and 9.

### III.     CONCLUSION

Defendants have failed to demonstrate a jurisdictional bar to proceeding, or that the complaint should be dismissed under Rule 12(b)(6). If Plaintiffs wish to pursue their claims under §§ 523(a)(2)(B), (a)(6), and 727, the court will order them to file an amended complaint within 14 days that states its claims under those subsections with more clarity and better organization.

_____
Honorable David T. Thuma
United States Bankruptcy Judge

Entered: November 23, 2016

Copies to:

Carlos Miguel Quinonez
11890 Vista Del Sol Dr., Suite A-115
El Paso, TX 79936

Francisco Javier Jayme and Alicia Rojas
103 Horseshoe ct.
Santa Teresa, NM 88008